IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

VICTORIA L. WARBOYS                                                                 PLAINTIFF

v.                         Civil No. 2:11-cv-02205-JRM

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration                                                      DEFENDANT

**MEMORANDUM OPINION**

**I.     Factual and Procedural Background**

Plaintiff, Victoria L. Warboys, brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("the Act").

Plaintiff protectively filed her applications on February 25, 2009, alleging a disability onset date of September 30, 2004, due to depression, anxiety, bipolar disorder, fibromyalgia, back pain, and asthma. Tr. 8, 92-93, 215. On the alleged onset date, Plaintiff was forty years old with a tenth grade education. Tr. 45. 220. She has past relevant work as a production assembler and a hotel/motel housekeeper. Tr. 16, 33-34, 74-75.

Plaintiff's applications were denied at the initial and reconsideration levels. Tr. 88-93, 102-105. At Plaintiff's request, an administrative hearing was held on March 9, 2010. Tr. 29-40. Plaintiff did not appear at the initial hearing. As a result, an additional hearing was held on July 10, 2010. Tr. 41-82. Plaintiff was present at this hearing and represented by counsel. The ALJ rendered an unfavorable decision on August 23, 2010, finding Plaintiff was not disabled within the meaning

of the Act. Tr. 5-19. Subsequently, the Appeals Council denied Plaintiff's Request for Review on September 29, 2011, thus making the ALJ's decision the final decision of the Commissioner. Tr. 1-4. Plaintiff now seeks judicial review of that decision.

II.     **Applicable Law**

The Court's role on review is to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2003). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002) (quoting *Johnson v. Apfel*, 240 F.3d 1145, 1147 (8th Cir. 2001)). In determining whether evidence is substantial, the Court considers both evidence that detracts from the Commissioner's decision as well as evidence that supports it. *Craig v. Apfel*, 212 F.3d 433, 435-36 (8th Cir. 2000) (citing *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000)). If, after conducting this review, "it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [Secretary's] findings," then the decision must be affirmed. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007) (quoting *Siemers v. Shalala*, 47 F.3d 299, 301 (8th Cir. 1995)).

To be eligible for disability insurance benefits, a claimant has the burden of establishing that she is unable to engage in any substantial gainful activity due to a medically determinable physical or mental impairment that has lasted, or can be expected to last, for no less than twelve months. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step sequential evaluation process to all disability claims: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a severe impairment that significantly limits her physical or mental ability to perform basic work activities;

(3) whether the claimant has an impairment that meets or equals a disabling impairment listed in the regulations; (4) whether the claimant has the RFC to perform her past relevant work; and (5) if the claimant cannot perform her past work, the burden of production then shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform given her age, education, and work experience.  *Pearsall*, 274 F.3d at 1217; 20 C.F.R. § 404.1520(a), 416.920(a).  If a claimant fails to meet the criteria at any step in the evaluation, the process ends and the claimant is deemed not disabled.  *Eichelberger v. Barnhart*, 390 F.3d 584, 590-91 (8th Cir. 2004).

### III.    ALJ's Determination

At step one, the ALJ determined Plaintiff had not engaged in substantial gainful activity at any point since September 30, 2004, the alleged onset date.  Tr. 10.  At step two, the ALJ found Plaintiff suffers from fibromyalgia, back pain, asthma, sleep apnea, bipolar disorder, and anxiety disorder, which he considered severe impairments under the Act.  Tr. 10-11.  At step three, he determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled a listed impairment.  Tr. 11-12.

At step four, the ALJ determined Plaintiff could perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except she can only occasionally climb, balance, stoop, kneel, crouch, and crawl, and cannot tolerate concentrated exposure to temperature extremes, wetness, humidity, fumes, odors, dusts, gases, and poor ventilation. Tr. 12-15. Mentally, the ALJ determined Plaintiff is able to maintain attention and make appropriate decisions, but can only understand and follow simple instructions, perform simple tasks, and perform work involving incidental contact with coworkers and supervisors and no contact with the general public.  Tr. 12-15.

After seeking vocational expert testimony, the ALJ found Plaintiff could perform her past relevant work as a production assembler and hotel/motel housekeeper. Tr. 16. Accordingly, the ALJ determined Plaintiff was not under a disability from September 30, 2004, the alleged onset date, through August 23, 2010, the date of the administrative decision. Tr. 16.

## IV. Discussion

On appeal, Plaintiff contends the ALJ erred by: (A) improperly determining her RFC; and (B) finding she could return to her past relevant work as a production assembler and hotel/motel housekeeper. *See* Pl.'s Br. 7-17. The Commissioner responds that substantial evidence supports the ALJ's determination. *See* Def.'s Br. 5-13. For the following reasons, the court finds that substantial evidence does not support the ALJ's decision.

Plaintiff contends that the ALJ did not properly account for her physical and mental limitations in his RFC determination. *See* Pl.'s Br. 14-17. At the fourth step of the evaluation, a disability claimant has the burden of establishing her RFC. *Eichelberger*, 390 F.3d at 591; *Masterson v. Barnhart*, 363 F.3d 731, 737 (8th Cir. 2004). A claimant's RFC is the most she can do despite her limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ determines a claimant's RFC based on "all relevant evidence, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Masterson*, 363 F.3d at 737. The Eighth Circuit has stated that "a claimant's residual functional capacity is a medical question." *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Thus, although the ALJ bears the primary responsibility for determining a claimant's RFC, there must be "some medical evidence" to support the ALJ's determination. *Eichelberger*, 390 F.3d at 591; *Dykes v. Apfel*, 223 F.3d 865, 867 (8th Cir 2000).

Plaintiff has a history of fibromyalgia and chronic knee pain. She received routine bilateral knee injections from 2007 through March 2009. Tr. 14, 424-425. Plaintiff reported some improvement with injections, although physical examination revealed crepitus in both knees and mild instability of the knees, for which Plaintiff was prescribed a cane. Tr. 436, 446-447. Additionally, Plaintiff has the complicating diagnosis of fibromyalgia. Fibromyalgia[1] is an elusive diagnosis that is largely based on subjective complaints and cannot be confirmed by diagnostic testing. *See Tilley v. Astrue*, 580 F.3d 675, 681 (8th Cir. 2009). Plaintiff has attempted various treatments, including physical therapy, antidepressant medications, narcotic pain medications, and muscle relaxants, but has continued to experience fatigue, generalized body achiness, and poor sleep. Tr. 446-447. Moreover, Plaintiff's physicians repeatedly noted multiple trigger points during physical examinations. Tr. 339, 432-433, 436, 472-475.

After reviewing the evidence of record, it is questionable whether Plaintiff can perform the requirements of her past relevant work as a hotel/motel maid or production assembler. These occupations are classified as light work, which involves lifting no more than twenty pounds at a time, with frequent lifting or carrying of objects weighing up to ten pounds, and requires "a good deal of walking or standing." 20 C.F.R. §§ 404.1567(b), 416.967(b).

The Commissioner argues that Plaintiff's steroid injections were effective in treating her knee pain. *See* Def.'s Br. 8; *See Brown v. Astrue,* 611 F.3d 941, 955 (8th Cir. 2010) (an impairment that is controlled by treatment or medication cannot be considered disabling). While Plaintiff reported some relief with steroid injections, it does not necessarily follow that she is capable of meeting the

---

[1] Fibromyalgia is characterized by "generalized aching (sometimes severe); widespread tenderness of muscles, areas around tendon insertions, and adjacent soft tissues; muscle stiffness; fatigue; and poor sleep." THE MERCK MANUAL OF DIAGNOSIS AND THERAPY 375 (Robert S. Porter, M.D., et al., eds., 19th ed. 2011).

standing and walking requirements of light work on a sustained day-to-day basis. Dr. Toor, the consultative examiner, determined Plaintiff had mild to moderate limitations in standing, walking, sitting, bending, and lifting, and found that Plaintiff's fibromyalgia pain could interfere with her daily physical activities. Tr. 475. However, he did not complete a physical RFC assessment with specific restrictions on Plaintiff's exertional abilities and did not clarify as to what extent Plaintiff's fibromyalgia symptoms would affect her daily routine. Tr. 475.

The Commissioner also argues that Plaintiff did not receive consistent treatment for her alleged impairments after she moved to Arkansas in April 2009. *See* Def's. Br. 7-8; *See Mouser v. Astrue,* 545 F.3d 634, 638 (8th Cir. 2008) (ALJ correctly considered claimant's lack of treatment). While this argument has some merit, Plaintiff's lengthy treatment record during much of the relevant time period lends credence to her complaints of fibromyalgia and chronic knee pain.

Given Plaintiff's extensive history of knee treatment as well as her fibromyalgia symptomology, the undersigned cannot conclude that Plaintiff is capable of meeting the physical requirements of her past relevant work. As such, the undersigned finds that substantial evidence does not support the ALJ's decision.

### V.     Conclusion:

Accordingly, the undersigned concludes that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). This matter should be remanded to the Commissioner for reconsideration of the issue of Plaintiff's RFC, based on all relevant evidence, including medical records, opinions of treating medical personnel, and Plaintiff's description of her own limitations. *Dunahoo v. Apfel*, 241 F.3d 1033, 1039 (8th Cir. 2001).

IT IS SO ORDERED this 20th day of December 2012.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE